UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 08-11724-NG

| | |
|---|---|
| EDMUND HENNESSY,<br>　　　Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTION,<br>COMMISSIONERS, KATHLEEN DENNEHY<br>(former), HAROLD W. CLARKE (present);<br>SOUZA-BARANOWSKI CORRECTIONAL<br>CENTER, SUPERINTENDENTS, LOIS RUSSO<br>(former), THOMAS DICKHAUT, (present); MCI-<br>SHIRLEY MEDIUM, SUPERINTENDENT,<br>DUANE MACEACHERN; UMASS<br>CORRECTIONAL HEALTH SERVICES,<br>EMPLOYEE'S, DOCTOR ANGELES, DOCTOR<br>HAZARD, DOCTOR ENAW, DOCTOR ARTHUR<br>BREWER, NURSE PRACTITIONER, LINDA<br>BOOTH; DEPARTMENT OF CORRECTIONAL<br>HEALTH SERVICES, EMPLOYEE, DIRECTOR<br>TERRE MARSHALL,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS MARIA ANGELES, M.D., LORRAINE HAZARD, M.D.,
AUGUSTIN ENAW, M.D., ARTHUR BREWER M.D., AND LINDA BOOTH, N.P.'S,
<u>OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT</u>**

Now come the medical defendants, Dr. Maria Angeles, Dr. Lorraine Hazard, Dr., Augustin Enaw, Dr. Arthur Brewer, and Linda Booth N.P., who hereby oppose the plaintiff's motion to amend the complaint in this matter. In support of this opposition, the defendants state as follows:

　　　1.　　This is a civil action in which the plaintiff alleges that the defendants failed to provide prompt, proper and adequate medical care with regard to the need for hip replacement surgery.

1334781v1

2. On October 3, 2008, plaintiff Edmund Hennessy, *pro se*, filed his Complaint. Docket No. 1. In his original complaint, Mr. Hennessy identified Drs. Hazard and Enaw as being responsible for the alleged delay in receiving hip replacement surgery. Drs. Hazard and Enaw were Mr. Hennessey's attending physicians at SBCC at the time.

3. On May 18, 2009, the plaintiff, *pro se*, filed his First Amended Complaint. Docket No. 16. In his First Amended Complaint, Mr. Hennessy yet again identified his treating physicians at Souza Baranowski Correctional Center (SBCC) and provided further detailed factual allegations. The factual allegations in his First Amended Complaint (filed *pro se*) are virtually identical with those in his proposed Second Amended Complaint, with the noteworthy absence of Nurse Practitioner Schnabel. Nevertheless, Mr. Hennessy alleges that SBCC medical staff wrongly delayed recommended hip surgery from a least November 2005 up until and following his transfer to MCI Shirley in September 2007. See Amended Complaint at ¶¶ 22, 34.

4. On September 3, 2009, Dr. Angeles and Nurse Booth filed their Answers to the Amended Complaint. Docket Nos. 36, 37.

5. On September 18, 2009, the co-defendants, five employees of the Massachusetts Department of Corrections, filed a motion for summary judgment. Docket No. 45.

6. On January 21, 2010, the plaintiff filed a motion requesting that the Court appoint him counsel. Docket No. 57.

7. On September 1, 2010, the Court granted the DOC co-defendants' motion for summary judgment. Docket No. 72.

8. On September 2, 2010, the Court granted the plaintiff's motion requesting the appointment of counsel. Docket.

1334781v1

9. On December 22, 2009, Drs. Brewer, Enaw, and Hazard moved to dismiss the Amended Complaint. Docket No. 53. The Motion was denied on September 1, 2010. Docket No. 72., filed a motion to dismiss. On February 12, 2010, Dr. Angeles and Nurse Booth filed a motion for summary judgment. Docket No. 64.

10. On September 2, 2010, the Court denied Dr. Angeles and Nurse Booth's motion for summary judgment. Docket.

11. On January 14, 2011, Dr. Brewer, Dr. Enaw, and Dr. Hazard filed their Answers to the Amended Complaint. Docket Nos. 84, 85, 86.

12. On July 6, 2011, Attorney Robert Braceras of Goodwin Proctor LLP noticed his appearance in this matter as counsel for the plaintiff. Docket No. 93.

**ARGUMENT**

**I.  STANDARD ON MOTION TO AMEND A COMPLAINT**

Rule 15(a), Fed.R.Civ.P., provides that leave to amend "shall be freely given when justice so requires." Absent futility, undue delay, undue prejudice and/or bad faith, in addition to other grounds not pertinent to this discussion, Rule 15(a) generally requires allowance of amendments. Vargas v. McNamara, 608 F.2d 15, 18 (1st Cir.1979) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962).

**II.  THE PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT SHOULD BE DENIED BECAUSE THE REQUEST IS UNTIMELY AND FUTILE**

The plaintiff now seeks to file a Second Amended Complaint to: (1) add nurse practitioner Mark Schnabel as a defendant in this matter based on facts alleged in the original complaint which was filed on October 3, 2008, and (2) to clarify the claims asserted in the original Complaint. The defendants file this opposition because the plaintiff's requests are untimely, and because the plaintiff's request to add a negligence claim against these defendants

3

is futile because any such claim is barred by the Massachusetts Tort Claims Act. Moreover, the plaintiff's Motion to Amend to add Mark Schnabel NP should be denied as it is beyond the applicable statute of limitations.

### A. The Plaintiff's Request to Amend the Complaint is Untimely

"While courts may not deny an amendment solely because of delay and without consideration of the prejudice to the opposing party ... it is clear that 'undue delay' can be a basis for denial." Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15, 19 (1st Cir.1979) (citations omitted); Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4-5 (1st Cir.1983). Where, as here, considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some "valid reason for his neglect and delay". Stepanischen v. Merchants Despatch Transp. Corp., 722 F.2d 922 (1stCir. 1983); Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15, 19-20 (1st Cir.1979).

In this instance, the plaintiff seeks to file a Second Amended Complaint to include a count for negligence and to add nurse practitioner Mark Schnabel as a defendant in this matter. Both of these efforts are untimely, and the plaintiff has provided no valid reason for his neglect and delay. The plaintiff's original *pro se* Complaint was filed on October 3, 2008. The plaintiff later filed a *pro se* Amended Complaint on May 18, 2009. The relevant facts in this case have not changed since that time. Indeed, even a cursory review of the factual allegations in Mr. Hennessey's First Amended Complaint will reveal that they essentially mirror those in the proposed Second Amended Complaint. The plaintiff, although *pro se*, should have been aware of any negligence claim at the time he filed his original Complaint, and was certainly aware that Mark Schnabel was the nurse practitioner who treated him during his incarceration. As it has

1334781v1

been over three years since the plaintiff filed his original Complaint, any amendment to the complaint based on information that was well known to the plaintiff three years ago is untimely.

### B. The Plaintiff's Request to Amend the Complaint to Add Common Law Negligence Claims Against These Defendants is Futile Because Those Claims Are Barred By the Massachusetts Tort Claims Act

The defendants also oppose the plaintiff's request to amend the complaint to add a common law negligence claim as it is futile because the defendants are public employees, and any such claim against them is barred by the Massachusetts Tort Claims Act. Indeed, Mr. Hennessy himself, while acting *pro se* recognized the applicability of Chapter 258 (Massachusetts Tort Claims Act) and brought suit pursuant to that Act in Count V of his Second Amended Complaint. However now, with the assistance of counsel, plaintiff recognizes that the medical plaintiffs are indeed public employees immune from suit, and plaintiff seeks to somehow sidestep Chapter 258 and proceed with a simple "negligence" claim. Nevertheless, it is beyond dispute that the medical defendants are indeed public employees who cannot be held liable for their negligence (which the defendants deny) pursuant to the express provisions of Chapter 258.

#### a. Futility

Futility constitutes an adequate basis to deny a proposed amendment. Demars v. General Dynamics Corp., 779 F.2d 95, 99 (1st Cir.1985); Liberty Leather Corp. v. Callum, 653 F.2d 694, 700 (1st Cir.1981). A proposed amendment is futile if it serves no legitimate purpose or is without legal merit. Correa–Martinez v. Arrillaga–Belendez, 903 F.2d 49, 59 (1st Cir.1990). Liberty Leather Corp. v. Callum, 653 F.2d at 700.

### b. Mass Tort Claims Act Immunity

The Massachusetts Tort Claims Act immunizes a public employee from suits in which it is claimed that the employee acted negligently. See, M.G.L. ch. 258, §2. Specifically, the act provides that "no such public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment." Id. The statute defines a public employer as "the Commonwealth and any... department, office, commission, committee, council, board, division, bureau, institution, agency, or authority thereof, which exercises direction and control over the public employee." M.G.L. ch. 258, §1. The Massachusetts Tort Claims Act renders a public employee immune from liability for a personal injury caused by the employee's negligent act or omission while acting within the scope of his or her employment. G.L. c. 258, § 2.[1] The operative question for determining whether a person is a "public employee" is whether a person is "subject to the direction and control of the public employer." See Smith v. Steinberg, 395 Mass. 666, 667 (1985). In the context of medical personnel, the law does not require explicit control over every treatment decision. McNamara v. Honeyman, 406 Mass. 43, 48 (1989). "Even where medical personnel exercise independent judgment in treating their patients, they 'can still be deemed a servant where the principal controls the details of [their] activities.'" Rodrigues v. Commonwealth, C.A. No. 05-04209-L2 (Mass. Super. Ct. Sept. 22, 2009), quoting McNamara, 406 Mass. at 48 (holding that nurse practitioner employed by UMCH is a public employee and entitled to immunity under G.L. c. 258). See also Tuttle v. Correctional Medical Services, C.A. No. 2004-1483-F (Mass. Super. Ct. March 7, 2008)

---

[1] M.G.L. c. 258, § 2 provides, in relevant part, that "Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting in the scope of his office or employment."

(holding that physicians employed by UMCH were public employees and entitled to immunity under G.L. c. 258), attached hereto as Exhibit 27.

It is well-established that the University of Massachusetts, including its medical school, is a public employer for the purposes of the Massachusetts Tort Claims Act. McNamara, 406 Mass. at 47. Furthermore, federal courts in Massachusetts have previously held that the University of Massachusetts Medical School "is a public institution established under the laws of the Commonwealth and is, accordingly, an agency of the state." Orell v. UMass Memorial Medical Center, Inc., 203 F. Supp. 2d 52, 60 (D. Mass. 2002); accord, Ali v. University of Massachusetts Medical Center, 140 F. Supp. 2d 107, 110 (D.Mass. 2001). Moreover, in Neo Gen Screening, Inc. v. New England Newborn Screening Program, 1998 U.S. Dist. LEXIS 23654, (D. Mass. Dec. 3, 1998), this Court found that a program operated by the UMass Medical School was also considered an agency of the Commonwealth. NeoGen, at *7-8. It is well established in other decisions of this Court that UMCH is an agency of the Commonwealth and a pubic employer under the Massachusetts Tort Claims Act. See Jaundoo v. Clarke, 690 F. 2d 20, 29 (D. Mass. 2010)("UMCH is a program operated by UMMS,…it too is an arm of the state.")

The plaintiff asserts in his First Amended Complaint (and again in his proposed Second Amended Complaint) that the medical defendants are indeed UMCH employees. As employees of UMCH, a state agency, any negligence claim against the defendants is barred by the Massachusetts Tort Claims Act. As it would be futile to assert any negligence claim, the defendants oppose the plaintiff's request to amend the Complaint to include a negligence claim.

C. **The Plaintiffs Request to Amend the Complaint to Add Mark Schnabel as a Defendant Should Be Denied as Being Beyond the Applicable Statute of Limitations**

The defendants also oppose the plaintiff's request to amend the complaint to add Mark Schnabel as such claims are beyond the applicable statute of limitations. The claims against Mark Schnabel arise out of the alleged failure to provide hip replacement surgery while Mr. Hennessy was at SBCC, from November 2005 until his transfer to MCI Shirley in September 2007. The applicable statute of limitations for a claim of medical negligence is three years after the cause of action accrues. M.G.L. C. 260 §4. Generally, a cause of action "accrues" for purposes of this statute at the time of the defendant's negligent act or omission. In actions under §1983, the court applies the analogous underlying cause of action under state law, which is also three years. Hiller v. Lesch, 1986 U.S. Dist. Lexis 18005 (D.J. Mazzone). In this case, Mr. Hennessy is well beyond the statute of limitations period for the claims he seeks to assert against Mr. Schnabel and, therefore, his Motion to Amend should be denied on this basis alone.

WHEREFORE, the defendants, Dr. Maria Angeles, Dr. Lorraine Hazard, Dr., Augustin Enaw, Dr. Arthur Brewer, and Linda Booth N.P., hereby oppose the plaintiff's motion to amend the complaint in this matter.

1334781v1

| | |
|---|---|
| I hereby certify that on November 30, 2011, a true copy of the above document was served upon the plaintiff by mail and was filed with the court electronically through filing with the ECF system.<br><br>/s/ James A. Bello | The Defendants,<br><br>MARIA ANGELES, M.D.<br>LORRAINE HAZARD, M.D.<br>AUGUSTIN ENAW, M.D.,<br>ARTHUR BREWER M.D.<br>AND LINDA BOOTH, N.P.,<br><br>By their attorneys,<br><br>/s/ James A Bello<br>_____<br>James A. Bello, BBO #633550<br>Noel B. Dumas, BBO #654136<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7500 |